UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerald Boitnott,Plaintiff,vs.Border Foods, Inc. d/b/a/ Taco Bell and RALCO, LLC,Defendants. | File No.: 18-cv-1702 WMW/BRTJudge: Wilhelmina M. Wright**DEFENDANTS BORDER FOODS, INC. D/B/A TACO BELL AND RALCO, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

## **INTRODUCTION**

Defendants Border Foods, Inc. d/b/a/ Taco Bell ("Border Foods") and RALCO, LLC (collectively, "Defendants") bring this Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion") because there are not any harms for the Court to address. As explained below, the violations of the Americans with Disabilities Act ("ADA") that Jerald Boitnott ("Plaintiff") propounds in his Amended Complaint do not exist and did not exist when Plaintiff commenced this action against Defendants. Put simply, there is no recourse for Plaintiff to seek in a judicial forum. This does not mean that Defendants take violations of the ADA lightly. To the contrary, Defendants are dedicated to ensuring that their properties comply with the ADA, as evidenced by their actions and comprehensive renovations before being named in a lawsuit. Because there is simply no harm to remedy—and there was not a harm when Plaintiff commenced this lawsuit against Defendants—

Defendants respectfully request that the Court grant Defendants' Motion and dismiss Plaintiff's Amended Complaint with prejudice.

## FACTUAL BACKGROUND

On May 22, 2018, Plaintiff served a complaint on certain defendants who are not named in Plaintiff's current Amended Complaint. ECF 1-1 & 5. Among the allegations in his initial complaint, Plaintiff claimed that he was unable to visit the Taco Bell located at 1940 Suburban Avenue, St. Paul, Minnesota ("Property") in March 2018, because of several alleged architectural barriers at the Property. *See* ECF 1-1 at ¶ 21. Notwithstanding the fact that Border Foods had not been named as a defendant, Border Foods took prompt and diligent action as soon as it learned of the alleged defects. Declaration of Barry M. Zelickson ("Zelickson Decl."), ¶¶ 3–5. By June 19, 2018, Border Foods removed each and every architectural barrier at the Property. Zelickson Decl., Ex. M. On July 2, 2018, Plaintiff filed an Amended Complaint naming the current Defendants for the first time. ECF 8. The Summons for the Amended Complaint was then served on Defendants on July 9, 2018. ECF 10. As of July 9, 2018—the date that Plaintiff served the Summons and Amended Complaint naming Defendants—no architectural barriers existed at the Property, and the Property was in full compliance with the ADA. Zelickson Decl., ¶¶ 6–7 & Ex. M; Madson Decl., ¶ 6.

## ARGUMENT

I. **LEGAL STANDARDS**

"Under Article III of the United States Constitution, the jurisdiction of federal courts extends only to actual cases and controversies." *Davis v. Scheman Dev., LLC*, No. 15-CV-

3041 (WMW/KM), at 4–5 (D. Minn. Feb. 24, 2017) (citing U.S. Const. art. III, § 2, cl. 1; *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994)). "Questions of standing and mootness implicate the court's subject-matter jurisdiction." *Id.* (citing *Charleston Hous. Auth. v. U.S. Dep't of Agric.*, 419 F.3d 729, 739 (8th Cir. 2005); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002)). A case is therefore properly dismissed as moot if it has lost its character as a present, live controversy. *St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Local 73 v. City of St. Louis, Mo.*, 96 F.3d 323, 329 (8th Cir. 1996) (quoting *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982)); *see also ABF Freight Sys., Inc. v. Int'l Broth. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011) ("Federal jurisdiction is limited by Article III of the Constitution to cases or controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction.")

"When deciding a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court 'must distinguish between a facial attack and a factual attack.'" *Davis,* No. 15-CV-3041 (WMW/KM), at 4 (internal quotation marks omitted) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). On a factual attack under Rule 12(b)(1) motion—unlike a Rule 12(b)(6) motion—the Court may consider matters outside the pleadings without converting the motion into a summary-judgment proceeding. *Sawczyn v. BMO Harris Bank Nat. Ass'n*, 8 F. Supp. 3d 1108, 1110–11 (D. Minn. 2014). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Osborn*, 918 F.2d at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also ABF Freight*

3

*Sys., Inc.*, 645 F.3d at 958 ("No presumptive truthfulness attaches to the plaintiff's allegations of jurisdiction."). Once challenged, the plaintiff bears the burden of proof to demonstrate that jurisdiction does, in fact, exist. *Osborn*, 918 F.2d at 730 (quoting *Mortensen*, 549 F.2d at 891.)

## II. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS BECAUSE PLAINTIFF LACKS STANDING.

It is axiomatic that a "plaintiff may recover only injunctive relief—and not damages—under Title III of the ADA." *Davis v. Queen Nelly, LLC*, 2016 WL 5868066, at *1 (D. Minn. Oct. 6, 2016); *see also Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006). Accordingly, where the harms alleged in the complaint have been cured as of date the complaint is filed (and thus the action commenced), the plaintiff lacks standing to pursue its claims and the claims must be dismissed. *See O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects."). Indeed, although a plaintiff may, in some cases, utilize the fact that harms are capable of repetition yet evading review to continue pursuing claims that are remedied *after* the date of service but before adjudication, "[s]tanding admits of no similar exception." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000). In other words, "if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum." *Id.*; *see also Munt v. Smith*, 2016 WL 7042010, at *2 (Minn. Ct. App. Dec. 5, 2016), *review*

4

*denied* (Feb. 14, 2017), *cert. denied*, 138 S. Ct. 85 (2017) (holding that the exception regarding claims that are capable of repetition yet evading review "cannot revive a dispute that was already moot when the action commenced."). Thus, where a defendant removes the alleged architectural barriers *before* it is named in a lawsuit, the Plaintiff lacks standing and the claims must be dismissed. *Disability Support All. v. Geller Family Ltd. P'ship III*, 160 F. Supp. 3d 1133, 1138 (D. Minn. 2016), *appeal dismissed* (Mar. 31, 2016); *Queen Nelly, LLC*, 2016 WL 5868066, at *1 ("[A] favorable resolution of Davis's ADA claim cannot do anything to 'redress' these problems because these problems do not exist—and have not existed since before Davis commenced this litigation.").

Here, it is undisputed that this action was not commenced against Defendants until July 9, 2018, when the Summons and Amended Complaint were filed and served. ECF 10. It is further undisputed that no architectural barriers—whether alleged in the Amended Complaint or not—existed at the Property on July 9, 2018. *See* discussion *infra* Section II.A; Zelickson Decl., ¶ 7 & Ex. M; Madson Decl., ¶¶ 6–7. Because no architectural barriers existed at the Property when this action was commenced against Defendants, Plaintiff lacks standing to pursue his claims, and the court should grant Defendants' Motion.

### III. IN THE ALTERNATIVE, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AS MOOT.

Because Defendants removed the architectural barriers before Plaintiff filed or served the Amended Complaint, Plaintiff lacks standing to pursue his claims. In the event that the Court finds Plaintiff had standing, however, the Court should nevertheless dismiss

5

Plaintiff's claims as moot because Defendants removed all of the architectural barriers complained of in the Amended Complaint.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Davis,* No. 15-CV-3041 (WMW/KM), at 6 (internal quotation marks omitted) (citing *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013)). It is up to the plaintiff to satisfy the court that relief is needed. *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). As a general matter, if it becomes clear at any time that a federal court can no longer grant effective relief, the case is moot. *Davis,* No. 15-CV-3041 (WMW/KM), at 6 (citing *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam)). Although voluntary cessation by the defendant of the alleged conduct will not always render a suit moot, such cessation will moot the case and deprive the court of jurisdiction where the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated. *W. T. Grant Co.*, 345 U.S. at 633; *Hempstead Cty. Hunting Club, Inc. v. Sw. Elec. Power Co.*, 558 F.3d 763, 767 (8th Cir. 2009) ("A claim for injunctive relief may become moot if challenged conduct permanently ceases.") Stated differently, "ADA claims are moot when a defendant has presented evidence that modifications to its property have remedied the ADA violations identified in the complaint." *Davis,* No. 15-CV-3041 (WMW/KM), at 7 (citing *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451-53 (E.D.N.Y. 2015); *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 97-99 (D.D.C. 2007)).

When determining whether there is a reasonable expectation that the wrong will be repeated, the Court considers the fact that the "capable of repetition yet evading review rule is an <u>extraordinary and narrow</u> exception to the mootness doctrine." *Randolph v. Rodgers*, 170 F.3d 850, 856 (8th Cir. 1999) (emphasis added); *see also Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999); *Wattleton v. Simon*, 2017 WL 3447127, at *4 (D. Minn. July 14, 2017), *report and recommendation adopted*, 2017 WL 3446773 (D. Minn. Aug. 10, 2017). It only applies in "exceptional situations," when (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, *and* (2) there is a reasonable expectation the complaining party will be subject to the same action again. *Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 485 (8th Cir. 1998); *Randolph*, 170 F.3d at 856. "The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *W. T. Grant Co.*, 345 U.S. at 633. Thus, a "mere 'physical or theoretical possibility' is insufficient" to invoke the capable of repetition yet evading review rule. *McFarlin v. Newport Special Sch. Dist.*, 980 F.2d 1208, 1211 (8th Cir. 1992). Where the plaintiff cannot point to anything more than a physical or theoretical possibility, the defendant is entitled to a dismissal as a matter of right. *See W. T. Grant Co.*, 345 U.S. at 633; *Craig*, 163 F.3d at 485.

### A. Defendants have Voluntarily Brought the Property into Compliance with the ADA.

On May 30, 2018, Defendants hired an auditor specialized in ADA compliance ("Auditor") to inspect the Property and identify potential architectural barriers that may

7

violate the ADA. Zelickson Decl., ¶ 6(a). Pursuant to the results of this audit, Defendants promptly contracted with various companies to bring the Property into ADA compliance by June 19, 2018 (approximately three weeks before Plaintiff commenced this action against Defendants). *Id.* Specifically, Defendants took the following measures to ensure compliance:

- Pursuant to Paragraph 21(a) of the Amended Complaint: Defendants received confirmation from the Auditor that the parking stall aisle and routes are not in violation of the ADA due to the fact that (1) patrons do not need to pass behind parked vehicles to utilize the stall and (2) routes that pass behind parked vehicles do not violate the ADA. *See* Zelickson Decl., ¶ 6(b) & Exs. A & M; 2010 ADA Standards, 502.3 ("*Where possible*, it is *preferable* that the accessible route not pass behind parked vehicles.") (emphasis added).

- Pursuant to Paragraph 21(b) of the Amended Complaint: Defendants contracted with Legend Facilities to replace the interior right-swing vestibule door so that it can be opened with less than five pounds of maximum force. Although Plaintiff did not include an allegation regarding the north-facing entrance door, Defendants have also replaced that door to ensure that it can now be opened with less than five pounds of maximum force. Additionally, Defendants received confirmation that the Auditor tested both of the new doors as well as the third exterior vestibule door and the doors to the men's and women's restrooms to ensure that all doors are now in compliance with ADA standards. *See* Zelickson Decl.,¶ 6(c) & Exs. B & M; Madson Decl., ¶ 6(a).

- Pursuant to Paragraph 21(c) of the Amended Complaint: Defendants added an additional handicap-accessible picnic table to the patio so that 4 of the 8 tables, and 4 of the 32 seats on the patio are now handicap-accessible. Defendants have also added an additional handicap-accessible seat to the interior dining room so that 4 of the 65 seats are accessible. In addition, all tables, including patio tables, are affixed to the floor or ground so that they may not be moved to obstruct floor or ground space and all chairs have been positioned so that there is clear and sufficient maneuvering clearance throughout the Property. *See* Zelickson Decl., ¶ 6(d) & Exs. C, D, & M; Madson Decl., ¶ 6(b).

- Paragraph 21(d): Defendants contracted with Legend Facilities to completely remove both restroom mirrors and re-install them so that the bottom edges of each mirror are no more than 40 inches above the floor. *See* Zelickson Decl., ¶ 6(e) & Exs. E, F, & M; Madson Decl., ¶ 6(c).

- Pursuant to Paragraph 21(e) of the Amended Complaint: Defendants contracted with Legend Facilities to verify that the women's restroom had pipe covers below the lavatory that were compliant with the ADA. With regards to the men's restroom, Defendants contracted with Legend Facilities to purchase and install new pipe-covers for the pipes below the lavatory. *See* Zelickson Decl., ¶ 6(f) & Exs. G & M; Madson Decl., ¶ 6(d).

- Pursuant to Paragraph 21(f) of the Amended Complaint: Defendants contracted with Legend Facilities to verify that the side-wall horizontal grab bars were in correct, ADA-complaint positions in both the men's and women's restrooms. Defendants further contracted with Legend Facilities to completely remove the grab bars from the rear wall and the vertical grab bars from the side wall in both the men's and women's restrooms, and to patch the holes resulting from the removal with sable brown grout. The Legend Facilities technician then re-installed the grab bars in both restrooms so that the rear grab bar, which is at least 36 inches long, extends from the centerline of the water closet at least 12 inches on one side and 24 inches on the other side from the rear wall. In addition, the Legend Facilities technician confirmed with Planforce (Auditor's employer) that all grab bars now comply with the ADA. *See* Zelickson Decl., ¶ 6(g) & Exs. H, I, J, K, & M; Madson Decl., ¶ 6(e).

- Pursuant to Paragraph 21(g) of the Amended Complaint: Defendants contracted with Legend Facilities to verify that the toilets in the women's restroom had the correct flush valve placements and were ADA compliant. With regards to the men's restroom, Defendants contracted with Legend Facilities to purchase and install a new tank with the flush valve in the correct location. *See* Zelickson Decl., ¶ 6(h) & Exs. L & M; Madson Decl., ¶ 6(f).

### B.   The Alleged Conduct is Not Reasonably Likely to Recur.

Because Defendants have demonstrated that the Property has been brought into full compliance with the ADA, Plaintiff's claims are moot unless Plaintiff can point to something more than mere speculation that the violations will recur in the future. *See Craig*, 163 F.3d at 485; *W. T. Grant Co.*, 345 U.S. at 633. Federal courts have repeatedly held that permanent or semi-permanent alterations sufficiently demonstrates that the

9

complained-of harm cannot reasonably be expected to recur. *See Hillesheim v. Buzz Salons, LLC*, 2017 WL 3172870, at *8 (D. Minn. June 19, 2017), *report and recommendation adopted*, 2017 WL 3172751 (D. Minn. July 25, 2017) (finding that a wall-mounted toilet-paper dispenser was sufficiently permanent so as to show that the conduct was not reasonably likely to recur); *Davis*, No. 15-CV-3041 (WMW/KM), at 8 (finding the remedy to be sufficiently permanent and not likely to recur where the defendant would have to take affirmative steps to cause recurrence).

Here, Defendants have made permanent alterations to ensure that they will remain in compliance with the ADA. Specifically, Defendants have permanently attached the restroom grab bars and mirrors to comply with ADA standards. *See* Zelickson Decl., ¶ 6(g) & Exs. H, I, J, K, & M; Madson Decl., ¶ 6(e). Defendants have further ensured that all patio and indoor tables are permanently affixed to the floor and/or ground to ensure that their placement and ratio stays consistent and in compliance with the ADA, and have further replaced the toilet tank and the vestibule doors to permanently bring them into compliance. *See* Zelickson Decl., ¶¶ 6(c), 6(d), 6(h) & Exs. B C, D, L, & M; Madson Decl., ¶¶ 6(a), 6(b), & 6(f). As the courts have noted, such affirmative steps constitute "far more than a mere voluntary cessation of alleged illegal conduct" and thus demonstrate that there is no reasonable expectation that the offending conduct will recur. *Wright v. RL Liquor*, 887 F.3d 361, 363 (8th Cir. 2018) (quoting *Hickman v. State of Mo.*, 144 F.3d 1141, 1144 (8th Cir. 1998); *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)).

Because Defendants have acted promptly and diligently to bring the Property into compliance with the ADA—even before being named in a lawsuit—the Court should grant Defendants' Motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests the Court grant its Motion to Dismiss for Lack of Subject Matter Jurisdiction and dismiss Plaintiff's claims with prejudice.

Dated:  July 30, 2018                                  WINTHROP & WEINSTINE, P.A.


By: *s/ Joseph M. Windler*_____
     Joseph M. Windler, #0387758
     Chelsea A. Ahmann, #0399146

225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400
jwindler@winthrop.com
cahmann@winthrop.com

***Attorneys for Defendants***

15809603v1

11