UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerald Boitnott, | Case No. 18-cv-1702 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND** |
| Border Foods, Inc., doing business as Taco Bell; and RALCO, LLC, | |
| Defendants. | |

Before the Court are Defendants' motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Plaintiff's motion to amend the complaint. (Dkts. 12, 27.) For the reasons addressed below, Defendants' motion to dismiss is granted, Plaintiff's motion to amend the complaint is denied, and this case is dismissed without prejudice.

## BACKGROUND

Plaintiff Jerald Boitnott is a Minnesota resident who has a legal disability as defined by the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq*. Defendant Border Foods, Inc. (Border Foods), owns and operates a Taco Bell restaurant located in Saint Paul, Minnesota (the restaurant). Defendant RALCO, LLC, owns and is the lessor of the real property on which the restaurant is located.

Boitnott visited the restaurant in March 2018 and observed architectural barriers that deterred him from patronizing the restaurant. These architectural barriers included a parking stall aisle that did not adjoin an accessible route, an interior vestibule door that

could not be opened with less than five pounds of force, an insufficient number of accessible seats, a restroom mirror located more than 40 inches above the floor, exposed pipes below a lavatory that created a burn hazard, an improperly sized and positioned toilet grab bar, and an improperly positioned toilet flush control. Although Boitnott lives near and intends to patronize the restaurant in the future, these architectural barriers prevented and deterred him from doing so. Boitnott asserts that he will return to and patronize the restaurant when these architectural barriers have been removed or cured.

Boitnott commenced this action against Taco Bell of America, LLC, and two individual defendants in Ramsey County District Court, Second Judicial District, on May 22, 2018. The complaint alleges violations of the ADA and seeks a declaratory judgment, injunctive relief, a nominal monetary award, and attorneys' fees and costs. The individual defendants removed this action to this Court on June 20, 2018. Approximately two weeks later, on July 2, 2018, Boitnott filed an amended complaint, which is now the operative complaint. The amended complaint contains the same legal and factual allegations as the original complaint but identifies only Border Foods and RALCO as defendants.

Although Border Foods was not named as a defendant in Boitnott's original complaint, Border Foods became aware of Boitnott's lawsuit on May 22, 2018. According to Border Foods's Senior Vice President, as soon as Border Foods became aware of the lawsuit it addressed the ADA violations alleged in Boitnott's original complaint. Border Foods hired an auditor who specializes in ADA compliance. The auditor visited the restaurant on May 30, 2018, and provided a report with recommendations. Thereafter, Border Foods took steps to correct the alleged architectural barriers, including (1) replacing

2

multiple doors, including the interior vestibule door, so that they can be opened with less than five pounds of force; (2) adding accessible seating; (3) lowering restroom mirrors to be no more than 40 inches above the floor; (4) installing pipe covers below the lavatory; (5) correcting the size and location of restroom grab bars; and (6) correcting the location of the toilet flush control in the men's restroom. After completing these changes to the restaurant property, the auditor visited the restaurant again and issued a second report verifying that the architectural barriers identified in Boitnott's original complaint had been corrected. The auditor also advised Border Foods that the restaurant's parking stall aisle and routes do not violate the ADA. The auditor's second report is dated June 19, 2018—approximately two weeks before Boitnott amended his complaint and named Border Foods as a defendant.

Border Foods and RALCO (collectively, Defendants) move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject-matter jurisdiction over Boitnott's claims because Boitnott lacks standing under Article III of the United States Constitution and, alternatively, because Boitnott's claims are moot. In particular, Defendants contend that the architectural barriers identified in the amended complaint were removed or cured before Boitnott filed the amended complaint.

## ANALYSIS

Defendants move to dismiss the amended complaint for lack of subject-matter jurisdiction on two grounds—standing and mootness. *See* Fed. R. Civ. P. 12(b)(1). The jurisdiction of federal courts extends only to actual cases or controversies. U.S. Const. art.

3

III, § 2, cl. 1; *accord Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994). Questions of standing and mootness implicate the court's subject-matter jurisdiction. *Charleston Hous. Auth. v. U.S. Dep't of Agric.*, 419 F.3d 729, 739 (8th Cir. 2005) (mootness); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) (standing).

When deciding a motion to dismiss for lack of subject-matter jurisdiction, a court "must distinguish between a 'facial attack' and a 'factual attack.' " *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A facial attack challenges the sufficiency of a plaintiff's pleadings. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). The district court, in turn, determines whether the pleadings allege sufficient facts to support subject-matter jurisdiction. *Id.* In doing so, the court considers only the pleadings, and the nonmoving party receives the same protections that it would receive if a Rule 12(b)(6) motion to dismiss for failure to state a claim were before the court. *Osborn*, 918 F.2d at 729 n.6.

By contrast, a defendant's factual attack challenges the existence of subject-matter jurisdiction. *Branson Label*, 793 F.3d at 914. When ruling on a factual attack, the district court considers matters outside the pleadings, and the nonmoving party proceeds without "the benefit of [Rule] 12(b)(6) safeguards." *Osborn*, 918 F.2d at 729-30 n.6; *see also Disability Support All. v. Geller Family Ltd. P'ship III*, 160 F. Supp. 3d 1133, 1135-37 (D. Minn. 2016) (applying factual attack standard in ADA case and considering declarations attached to pleadings). Here, Defendants assert a factual challenge to the Court's subject-matter jurisdiction based on their contentions that Boitnott lacks standing and that Border Foods voluntarily complied with the law, thus rendering Boitnott's claims moot.

4

Title III of the ADA prohibits discrimination against people with disabilities in places of public accommodation. 42 U.S.C. § 12182(a). Discrimination includes the "failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA grants a private right of action to "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a); *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). In a private enforcement action under Title III of the ADA, a plaintiff may obtain only injunctive relief. *See* 42 U.S.C. § 12188(a); *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006); *Stebbins v. Legal Aid of Ark.*, 512 F. App'x 662, 663 (8th Cir. 2013) (citing 42 U.S.C. § 12188(a)).

Defendants argue that, because none of the ADA violations alleged in the amended complaint existed when Border Foods and RALCO were first named as defendants, Boitnott lacked standing from the outset of his lawsuit against them. Defendants alternatively argue that, because the ADA violations alleged in the amended complaint do not currently exist on the restaurant property, injunctive relief is unavailable. Therefore, according to Defendants, Boitnott's claims are moot. The Court addresses each argument in turn.

I.     **Standing**

To satisfy the case-or-controversy requirement of Article III, a plaintiff must establish standing as an "indispensable part of the plaintiff's case." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *accord Hargis v. Access Capital Funding, LLC*, 674

F.3d 783, 790 (8th Cir. 2012). To meet this standing requirement, the plaintiff must (1) have suffered an injury in fact, (2) establish a causal relationship between the contested conduct and the alleged injury, and (3) show that a favorable decision would redress the injury. *Lujan*, 504 U.S. at 560-61; *accord Hargis*, 674 F.3d at 790. Defendants argue that when Boitnott filed and served his amended complaint, the alleged ADA violations no longer existed. As there was no redressable injury at that time, Defendants contend, Boitnott lacked standing.

Defendants advocate confining this Court's standing analysis to the facts as of the date Boitnott filed and served the amended complaint, rather than the facts when he filed and served the original complaint. Generally, standing depends on the facts as they existed when the lawsuit was filed. *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000). Some courts have concluded that the date on which an amended complaint was filed is the operative date when conducting a standing analysis. *See, e.g.*, *In re Patterson Cos.*, 479 F. Supp. 2d 1014, 1042 (D. Minn. 2007) (citing *Harley v. Zoesch*, 413 F.3d 866, 872 (8th Cir. 2005)). But courts within the Eighth Circuit are not in clear agreement on this issue. *See, e.g.*, *Battle Sports Sci., LLC v. Shock Doctor, Inc.*, 225 F. Supp. 3d 824, 833 (D. Neb. 2016) (stating that, when analyzing standing, "the Court must examine the state of things at the time of the action brought," and concluding that standing existed when plaintiff filed original complaint (internal quotation marks omitted)); *Steger*, 228 F.3d at 893 (providing that standing is analyzed based on facts as of "the time the *lawsuit* was filed" (emphasis added)).

The Court need not resolve this disagreement in the case law, however, because Boitnott's amended complaint relates back to the original complaint. Fed. R. Civ. P. 15(c)(1); *see, e.g.*, *Osorio v. Minneapolis Hotel Acquisition Grp., LLC*, 335 F. Supp. 3d 1141, 1144 (D. Minn. 2018). An amended complaint that adds a new defendant relates back to the original complaint in certain circumstances. One such circumstance is when (1) the amended complaint asserts a claim that arose out of the conduct set out in the original complaint, (2) the added defendant received notice of the action within 90 days after the original complaint was filed, (3) the added defendant will not be prejudiced by defending the action on the merits, and (4) that defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1), 4(m).

These circumstances exist here. The claims in Boitnott's amended complaint are materially identical to the claims in his original complaint. Defendants concede that they learned of this lawsuit on May 22, 2018—the day it was originally filed. And the record establishes both that Defendants will not be prejudiced by defending this action on the merits and that Defendants knew that this action would have been brought against them, but for the mistake in the original complaint as to the parties' identities. Defendants promptly responded to eliminate the ADA violations alleged in the original complaint. Accordingly, the Court's standing analysis is based on the facts as they existed when the original complaint was filed. *See, e.g.*, *Battle Sports Sci., LLC*, 225 F. Supp. 3d at 833 (concluding that plaintiff "had standing when the Complaint was filed but made a simple

mistake in drafting its Complaint—a mistake [plaintiff] corrected in the Amended Complaint").

Defendants do not contend (nor could they) that Boitnott lacked standing when he commenced this lawsuit on May 22, 2018. Defendants concede implicitly both that multiple architectural barriers existed at the restaurant when Boitnott visited the property in March 2018 and that those architectural barriers remained on May 22, 2018, in violation of ADA requirements. As such, when Boitnott commenced this lawsuit, he had suffered an injury in fact that was fairly traceable to Defendants' conduct and redressable by a favorable decision. For these reasons, the Court denies Defendants' motion to dismiss for lack of standing.

## II. Mootness

Defendants argue, in the alternative, that because the ADA violations alleged in the amended complaint no longer exist, the amended complaint should be dismissed as moot. Boitnott counters that this case is not moot because Defendants' remedial efforts are merely a litigation tactic and their ADA violations could recur. Boitnott also states that he observed additional ADA violations at the restaurant property in August 2018.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (internal quotation marks omitted). As a general matter, when it becomes clear that a federal court can no longer grant effective relief, the case is moot. *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam). But when a

defendant voluntarily ceases a challenged practice, a federal court does not lose its power to determine the legality of the practice. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). And when a defendant asserts that its voluntary cessation of allegedly unlawful conduct renders a case moot, it is the defendant's heavy burden to persuade the court that the challenged conduct cannot reasonably be expected to recur. *Id.*; *accord Strutton v. Meade*, 668 F.3d 549, 556 (8th Cir. 2012).

Defendants do not dispute that, when Boitnott commenced this lawsuit in May 2018, the restaurant property did not comply with ADA requirements pertaining to the force required to open the interior vestibule door, the amount of accessible seating, and the restroom fixtures identified in both the original and the amended complaint. But after Boitnott commenced this lawsuit, Border Foods hired an auditor who specializes in ADA compliance. In response to the auditor's assessment, Border Foods made remedial changes to bring those aspects of the restaurant property into ADA compliance. The record includes declarations from Border Foods's senior vice president and the auditor, as well as exhibits that include the auditor's reports, photographs, and diagrams. The auditor's June 19, 2018 report states that, based on inspection and testing, the doors, accessible seating, and restroom fixtures have been made compliant with ADA requirements. The auditor's report also concludes that the allegedly noncompliant parking stall aisle does not violate the ADA because the relevant provision of the 2010 ADA Standards for Accessible Design (2010 Standards) states that it is "preferable" (not required) that an accessible route not pass behind parked vehicles.

Boitnott does not dispute the evidence presented by Defendants. Instead, relying on *Sawczyn v. BMO Harris Bank National Ass'n*, 8 F. Supp. 3d 1108 (D. Minn. 2014), Boitnott argues that Defendants have not satisfied their burden to demonstrate mootness because Defendants have not established that they have remedied *all* of the ADA violations at the restaurant property. Boitnott's reliance on *Sawczyn* is unavailing. In *Sawczyn*, the defendant failed to present evidence that it had addressed each ADA violation *identified in the complaint*. *See id.* at 1115. Boitnott cites no authority that supports his contention that a defendant must demonstrate that it has remedied conditions that were *not* identified in the complaint to establish that an ADA claim is moot. To the contrary, ADA claims are moot when a defendant has presented evidence that modifications to its property have remedied the ADA violations identified in the complaint. *See, e.g.*, *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451-53 (E.D.N.Y. 2015); *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 97-99 (D.D.C. 2007). Only the specific architectural barriers identified in Boitnott's complaint are relevant to the Court's analysis. *Cf. Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1140 (8th Cir. 2014) (concluding that a complaint cannot be amended through a brief); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) (explaining that "only disclosures of barriers in a properly pleaded complaint can provide" fair notice as required by Federal Rule of Civil Procedure 8). Boitnott cannot rely on purported ADA violations identified for the first time in a brief opposing a motion to dismiss.

The record before the Court clearly demonstrates that Border Foods has remedied the ADA violations alleged in the amended complaint with respect to the interior vestibule

door, the amount of accessible seating, and the restroom fixtures. These alleged ADA violations will not recur unless Defendants take affirmative steps to remove or alter the ADA-compliant doors, accessible seating, and bathroom fixtures Defendants installed, which are permanent fixtures or features. The senior vice president of Border Foods attests by sworn declaration that "Border Foods is committed to ensuring that its properties are fully-compliant with the ADA, and has invested more than $11,000 in renovations at the [restaurant] Property to-date to ensure such compliance." Boitnott offers neither a factual reason nor legal basis to assume that this statement is incorrect or that any of the now-compliant fixtures at the restaurant property will be removed or altered.

While Boitnott does not refute that Defendants have remedied most of the ADA violations alleged in the amended complaint, he asserts that Defendants have *not* corrected one of the alleged ADA violations. This is the alleged failure to provide an "accessible route" adjoining the access aisle between Defendants' parking spaces.[1] Because an individual must pass behind parked vehicles to travel from the access aisle to the building's accessible entrance, Boitnott argues that Defendants are in violation of Section 502.3 of

---

[1] At the hearing on Defendants' motion, counsel for both parties discussed the photographs of the restaurant parking lot that Defendants submitted as Exhibit A to the declaration of Barry M. Zelickson, the Senior Vice President of Border Foods. Counsel's arguments eliminated any lingering confusion as to the location of the inclined "curb cut" connecting the parking lot to the sidewalk. By the conclusion of the hearing, the operative facts had been clarified and it is undisputed that the only curb cut visible in these photographs is located behind and to the left side of the two parking spaces pictured in the photographs. The Court acknowledges the value of oral argument and the assistance of counsel for Boitnott and Defendants in this matter.

the 2010 Standards. Defendants characterize the portion of Section 502.3 on which Boitnott relies as an *advisory preference*, not a requirement.

Section 502.3 of the 2010 Standards provides that "[a]ccess aisles shall adjoin an accessible route." The advisory comment following Section 502.3 states:

> Accessible routes must connect parking spaces to accessible entrances. In parking facilities where the accessible route must cross vehicular traffic lanes, marked crossings enhance pedestrian safety, particularly for people using wheelchairs and other mobility aids. *Where possible, it is preferable that the accessible route not pass behind parked vehicles.*

(Emphasis added.) Here, the parties do not dispute that the restaurant parking lot contains an "access aisle" as required by the ADA. It also is undisputed that an "accessible route" connects the parking lot to an accessible entrance. However, Boitnott contends that the restaurant's access aisle does not "adjoin" the accessible route because an individual must traverse a portion of the parking lot before reaching the inclined "curb cut" in the sidewalk. This argument presumes that an accessible route cannot, as a matter of law, include a portion of the parking lot that must be traversed. But Boitnott cites no legal authority for the proposition that an "accessible route" must begin at the curb cut and cannot include a portion of the parking lot that passes behind parked vehicles. To the contrary, the advisory comment to Section 502.3 of the 2010 Standards contemplates that an accessible route may "pass behind parked vehicles" or even "cross vehicular traffic lanes." That the 2010 Standards express a preference to avoid such configurations is prudent. However, that preference does not establish that it is a violation of the ADA for an accessible route to pass behind parked vehicles. Boitnott's argument to the contrary is unavailing.

Boitnott also contends that his claims cannot be moot to the extent that he seeks an award of nominal monetary damages. But as addressed above, Title III of the ADA does not permit a private plaintiff to recover damages. *See Wojewski*, 450 F.3d at 342; *Stebbins*, 512 F. App'x at 663 (citing 42 U.S.C. § 12188(a)). Boitnott's reliance on *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853 (9th Cir. 2017), is misplaced. The holding in *Bayer* is, at most, persuasive authority—but nonetheless, inapposite. The holding in *Bayer* is limited to alleged violations of Section 12203(b) of the ADA, which makes it "unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of . . . any right granted or protected" by the ADA. 42 U.S.C. § 12203(b). A Section 12203(b) claim, for which the ADA provides a different remedial scheme than a Title III claim, is not alleged here. Boitnott is a private plaintiff asserting a violation of Title III of the ADA. As such, the only relief that the Court could award him is an injunction requiring Defendants to correct architectural barriers.[2] *See* 42 U.S.C. § 12188(a). But they have already been corrected.

Boitnott argues that his claims cannot be moot to the extent that he seeks an order directing Defendants to modify their policies, practices, and procedures to ensure ongoing ADA compliance. The ADA defines discrimination to include "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are

---

[2] "For the same reasons that injunctive relief is not available, a declaratory judgment also is not available" because it "would serve no purpose" given the absence a continuing violation or practice. *S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 730 (10th Cir. 1997); *accord Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 765 (8th Cir. 2004) (adopting same reasoning).

13

necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii). And Boitnott's amended complaint generally alleges that Defendants have "fail[ed] to adopt and implement adequate ADA related policies, procedures, and practices." But Boitnott does not identify any particular policy, practice, or procedure that Defendants have failed to reasonably modify. He instead relies on inferences derived from claimed architectural barriers that have undisputedly been remedied. This reasoning is unavailing. The record reflects that Border Foods promptly and comprehensively acknowledged and remedied not only the ADA violations Boitnott identified in his complaint, but also ADA violations that Boitnott did *not* identify. To the extent that Defendants' policies, practices, or procedures may have been inadequate when Boitnott commenced this lawsuit, the record reflects that Defendants voluntarily remedied those inadequacies.

In summary, the record establishes that Defendants have satisfied their heavy burden to demonstrate both their compliance with the ADA and that the challenged conduct is unlikely to recur. *See Friends of the Earth*, 528 U.S. at 189. For the foregoing reasons, Boitnott's ADA claim is moot, and Defendants' motion to dismiss on that basis is granted.

### III. Plaintiff's Motion to Amend the Complaint

Three weeks after the hearing on Defendants' motion to dismiss, Boitnott filed a motion for leave to amend his complaint. In particular, Boitnott seeks to allege one additional purported ADA violation to his complaint—namely, that the restaurant has "[a]ccessible parking that is not on the shortest accessible route from parking to an entrance in violation of the 2010 ADA Standards 208.3."

Boitnott has amended his complaint once, and Defendants do not consent to Boitnott filing his proposed second amended complaint. In such circumstances, a plaintiff may amend the complaint again "only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). A district court should "freely give leave when justice so requires." *Id.* But a district court does not abuse its discretion when it denies a motion to amend a complaint because the amendment is futile or will unduly prejudice the nonmoving party. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). A motion to amend is properly denied as futile when "the proposed amended complaint cannot survive a motion to dismiss for failure to state a claim." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007)).

To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. And legal conclusions couched as factual allegations may be disregarded. *See Iqbal*, 556 U.S. at 679.

Defendants contend that the new allegation in Boitnott's proposed second amended complaint fails to state an ADA claim and, therefore, amending the complaint would be futile. The Court agrees. Section 208.3 of the 2010 Standards states that accessible parking spaces "that serve a particular building or facility shall be located on the shortest accessible route from parking to an [accessible] entrance." (Emphasis omitted.) As addressed in Part II of this Order, the record reflects that the restaurant's accessible parking adjoins an accessible route, which includes a portion of the parking lot between the access aisle and the inclined "curb cut" in the sidewalk. This accessible route also is the shortest accessible route—indeed, on this record, it appears to be the *only* accessible route. And the restaurant's two accessible parking spaces are the two spaces nearest to this route. Boitnott contends that this is not the "shortest accessible route" because it could, conceivably, be made even shorter. But Boitnott cites no legal authority—and the Court is aware of none—establishing that the ADA requires a business to create a new, shorter accessible route when the property already includes accessible parking spaces that adjoin the shortest existing accessible route to the accessible building entrance.[3]

Because Boitnott's proposed amendment to his complaint would be futile, his motion to amend is denied.

---

[3] Boitnott relies on federal regulations providing that "[e]xamples of steps to remove barriers include . . . [m]aking curb cuts in sidewalks and entrances" and "[c]reating designated accessible parking spaces." 28 CFR § 36.304(b)(2), (18). But these examples presuppose the existence of an architectural barrier, such as the complete absence of an accessible route or accessible parking. As addressed above, Boitnott has not shown that such an architectural barrier exists at the restaurant.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss, (Dkt. 12), is **GRANTED**.

2. Plaintiff's amended complaint, (Dkt. 8), is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

3. Plaintiff's motion to amend the complaint, (Dkt. 27), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 21, 2019
　　　　　　　　　　　　　　　　　　　　　s/Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　United States District Judge